IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

STEVEN W. BALLENTINE                                                                     PLAINTIFF

v.                              Civil No. 11-3013

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                           DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Steven Ballentine, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claims for disability insurance benefits ("DIB") and supplemental insurance benefits ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

The plaintiff filed his applications for DIB and SSI on , alleging an onset date of January 1, 2005, due to a back impairment, hip pain, and depression. Tr. 101-104, 105-111. His applications were initially denied and that denial was upheld upon reconsideration. Plaintiff then made a request for a hearing by an Administrative Law Judge ("ALJ"). An administrative hearing was held on March 29, 2010. Tr. 36-58. Plaintiff was present and represented by counsel.

At this time, plaintiff was 53 years of age and possessed a tenth grade education. Tr. 101, 105, 271. He had past relevant work ("PRW") experience as a stonemason. Tr. 28.

On July 26, 2010, the ALJ found that plaintiff's disorder of the back and depression were severe, but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 23-24. After partially discrediting plaintiff's subjective complaints, the ALJ determined that plaintiff retained the residual functional capacity ("RFC") to perform light work involving no concentrated exposure to dust, fumes, odors, gasses, and poor ventilation and no more than frequent climbing, balancing, crawling, kneeling, stooping, and crouching. Tr. 25-28. Further, the ALJ concluded Plaintiff could only perform work where the interpersonal contact was incidental to the work performed, the complexity of the tasks was learned and performed by rote, and the tasks involved few variables and required little judgment. With the assistance of a vocational expert, the ALJ found plaintiff could perform work as a production worker, maid & house cleaner, and poultry cutter. Tr. 29-30.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on December 16, 2010. Tr. 1-5. Subsequently, plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF No. 8, 11.

## II.  **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the

AO72A
(Rev. 8/82)

Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003).

Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.   Discussion:

Reviewing courts have the authority to order the Commissioner to consider additional evidence but "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Woolf v. Shalala*, 3 F.3d 1210 (8th Cir. 1993); *Chandler v. Secretary of Health and Human Servs.,* 722 F.2d 369, 371 (8th Cir. 1983). "To be material, new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied, and there must be a reasonable likelihood that it would have changed the Commissioner's determination." *Woolf,* 3 F.3d at 1215.

In the present case, Plaintiff seeks to admit the report of Dr. J. Tod Ghormley, an orthopedist. ECF No. 1-1. On July 8, 2008, Plaintiff was evaluated by Dr. Ghormley for lower back pain. Plaintiff reported pain with exercise, sitting, bending forward, and coughing. Dr. Ghormley noted that a recent MRI had shown degenerative disk disease, an annular tear at the L5-S1 level, and a disk bulge at the L4-5 level. An examination revealed some dysesthasias (atypical sensation) in the lateral side of his left leg and a slightly positive myositis (inflammation in the muscle tissues) test on the left. Plaintiff was minimally tender over the paraspinious muscles and lower lumbar spine, with slight tenderness over the left SI joint and a positive figure of four test indicating possible sacroiliac joint ("SI") compression. Dr. Ghormley prescribed William flexion and lumbar myositis exercises for trunk stabilization,

4

Glucosamine, and Mobic. He also offered SI joint injections if he continued to experience problems. Further, Dr. Ghormley noted that he would release him to return to sedentary work once he was less symptomatic. ECF No. 1-1.

There is no real question as to the materiality of the evidence. Plaintiff contends that it provides support for the treatment records of Advanced Practical Nurse ("APN"), Susie Lamb. Standing alone, Nurse Lamb does not qualify as an acceptable medical source and, as such, her opinion is not entitled to significant weight. However, if Nurse Lamb was a part of a treatment team acting in association with a physician or physicians, then the RFC assessment she completed could be elevated to that of a treating source and entitled to substantial weight.[1] *Shontos v. Barnhart,* 328 F.3d 418 (8th Cir. 2003). We note that Dr. Ghormley's assessment is referenced by Nurse Lamb on at least one of her treatment records. Tr. 201. Further, Dr. Ghormley's assessment contains handwritten notes by Nurse Lamb. Given that Nurse Lamb worked for Boston Mountain Rural Health Center, a Clinic established to provide low cost and indigent medical care, it is possible that she was in charge of carrying out a treatment plan prescribed or recommended by a specialist such as Dr. Ghormley. Accordingly, we find Dr. Ghormley's evaluation to be material to the instant case, and likely to have impacted the weight afforded Nurse Lamb's opinion.

---

[1] We note that Nurse Lamb's assessment is the only RFC assessment contained in the record that was completed by a treating source. Without her assessment, the ALJ had only the assessment of a doctor who assessed Plaintiff on only one occasion. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence).

5

Our next inquiry hinges on whether or not good cause has been shown for Plaintiff's failure to present this evidence to the ALJ. Plaintiff contends that it was inadvertently left out of the Boston Mountain Rural Clinic records presented to the ALJ. He states that this error was not realized until after the ALJ had issued his opinion. Plaintiff claims that he attempted to place this evidence into the record before the Appeals Council, but a review of the records from Boston Mountain Rural Clinic submitted by Plaintiff's counsel does not include this record. Neither Plaintiff nor the Defendant can explain why this was not included in the appellate record. As the failure to present this medical assessment to both the ALJ and the Appeals Council appears to have been inadvertent and Plaintiff has attempted to correct his error, we find good cause exists supporting Plaintiff's failure to present it earlier. Therefore, remand is necessary to allow the ALJ to consider Dr. Ghormley's assessment of Plaintiff.[2]

On remand, Nurse Lamb's relationship to Drs. Sutterfield and Blair should also be investigated. If these doctors were associated with the Boston Mountain Rural Clinic, the ALJ should reconsider the possibility of a treatment team.

We also note that the record currently before this Court does not contain the interrogatories submitted to the vocational expert ("VE"). Similar to the error made by Plaintiff in resubmitting his medical records, a supplemental transcript was filed by the Defendant on November 4, 2011, but it is identical to the original transcript filed with this Court on November 3, 2011. The record remains void of the VE's testimony. Without the interrogatories and the VE's answers, the undersigned cannot determine whether substantial evidence exists to support

---

[2] Further, because Dr. Ghormley's assessment is referenced in the treatment notes of Nurse Lamb, we believe it was incumbent upon the ALJ to request these records in order to fully and fairly develop the record.

the ALJ's opinion. Accordingly, on remand, the Defendant should also assure that the interrogatories posed to the VE and the VE's answers to those questions are made a part of the administrative record.

IV. **Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff is hereby reversed and this matter remanded to the Commissioner for further consideration pursuant to sentence six of 42 U.S.C. § 405(g).

DATED this the 4th day of April 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)